Felix CLAUSS, Jr., Thomas F. Clauss and Anna M. Clauss, t/a Felix Clauss and Sons

v.

AMERICAN INSURANCE COMPANY, Defendant and Third-Party Plaintiff

v.

Paul RUMER
and
City of Philadelphia, Third-Party Defendants.

Civ. A. No. 26976.

United States District Court E. D. Pennsylvania.

April 29, 1960.

———◆———

Henry J. Morgan, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for plaintiffs.

Thomas Raeburn White, Jr., White & Williams, Philadelphia, Pa., for defendant American Insurance Company.

Milford J. Meyer, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for Paul Rumer, third-party defendant.

David Berger, City Sol., Vincent C. Veldorale, Asst. City Sol., Philadelphia, Pa., for City of Philadelphia, third-party defendant.

EGAN, District Judge.

Plaintiffs are suing under the Declaratory Judgment Act, 28 U.S.C. § 2201, to determine whether the defendant is bound, by either or both of two insurance policies issued by it to the plaintiffs, to defend the plaintiffs in two law suits brought against them in the Philadelphia Common Pleas Courts.

The plaintiffs do business as a partnership engaged in excavation, highway,

and sewer construction. During the year 1957, they constructed certain sewers and did other work on Roosevelt Boulevard pursuant to a written contract with the City of Philadelphia. The sewer project was completed on October 18, 1957 and a final inspection was made by city engineers on October 20, 1957. Final payment for the project was received on March 11, 1958.

On or about June 30, 1958, a trespass suit was instituted in Court of Common Pleas No. 7 by Paul Rumer, a third-party defendant here, against the City of Philadelphia for personal injuries he sustained in an accident on February 1, 1958, when a truck he was operating went out of control because of an alleged defective condition in Roosevelt Boulevard, in the area where plaintiffs worked. The city then filed a third-party complaint against the plaintiffs herein, alleging that they caused, allowed, and permitted the hazardous condition to exist.

The third-party complaint was referred to the defendant insurance company, which, after first questioning whether there was coverage, undertook to defend the suit. Subsequently, however, the defendant discontinued its defense, directing its attorney to withdraw his appearance. Thereupon the plaintiffs brought this action, seeking a ruling that the accident in question is covered by the insurance policies, and that the defendant is required to defend the trespass suit on behalf of the plaintiffs.

This Court, in an opinion filed on August 14, 1959, 175 F.Supp. 641, and an order filed September 18, 1959, determined (1) that policy No. K–213 4758 did not cover the accident in question since the accident did not occur within the time limits of that policy; (2) that policy No. K–215 0621 did not cover the accident, because of the completed operations exclusion of the policy; but (3) that, because of the language of the city's complaint against the plaintiffs in the State Court, the defendant insurance company was obligated to defend the trespass action there until it could confine the claim of the city to a recovery not within the coverage of the policy.

In the meantime, on or about September 4, 1959, Rumer brought suit in *assumpsit* against the plaintiffs in the Court of Common Pleas No. 5 of Philadelphia County, for the same injuries on which the trespass suit in the Court of Common Pleas No. 7 is based. Rumer's new complaint in the State Court is in the nature of a third-party beneficiary proceeding and cites the provisions in the contract between the city and the plaintiffs for construction of the sewers by which the plaintiffs assumed liability for all damages in connection with the work sustained by any person, either during the performance of the work or subsequent to its completion, and agreed to hold the city harmless for any such damages. The plaintiffs referred the complaint in assumpsit to the defendant insurance company, asking it to undertake the defense of the suit in accordance with the provisions of the two insurance policies. The insurance company refused to do so, denying that the action is covered by the insurance policies.

In the interest of having all of the plaintiffs' claims against the defendant insurance company decided at the same time, and upon agreement of counsel for all parties, this Court on October 9, 1959, withdrew its order of September 18, 1959, permitted plaintiffs to file a supplemental declaratory judgment complaint (to encompass the assumpsit suit), and ordered a further hearing on additional briefs and oral argument of the entire matter. Accordingly, plaintiffs filed a supplemental complaint, to which the defendant filed an answer. The defendant then joined Rumer and the City of Philadelphia as third-party defendants in this action.

The plaintiffs now move for summary judgment. The plaintiffs and the defendant have submitted briefs and made oral argument. The City of Philadelphia submitted no brief or oral argu-

ment although it had an observer present.[1]

We reaffirm the findings and conclusions of our opinion of August 14, 1959, concerning the rights and duties of the parties arising from Rumer's trespass suit and hereby republish same.

Turning to the assumpsit suit, we hold that policy No. K–213 4758 is not applicable, since the accident did not happen within the time limits of that policy.

■ Policy No. K–215 0621 contains the following exclusion: [2]

"This policy does not apply:

  *    *    *    *    *    *

"(f) under coverages B and D, to * * * (2) any obligation for which the insured may be held liable in an action on a contract or an agreement by a person not a party thereto."

The protection claimed by the plaintiffs is apparently under coverage B of the policy.[3] Since the assumpsit suit by Rumer is on a contract to which Rumer is not a party, it is clear that the suit is not covered by the policy and that the insurance company has no obligation to defend it.[4]

■ The plaintiffs claim that, in any event, the defendant is obliged to defend

both actions on its behalf on the basis of a document entitled "Agreement to Defend," which was prepared by the defendant and then executed by the plaintiffs on or about October 1, 1958. By this document the plaintiffs authorized the defendant to "provide for the defense of the action instituted by Paul Rumer in the trial court [i. e., the trespass suit] but without any obligation to appeal * * *," and without any waiver of the defendant's right to deny coverage. It is not clear whether the defendant expressed a willingness to be bound by this "agreement" after it was signed by the plaintiffs, other than by the fact that the defendant did undertake the defense of the trespass action (but later discontinued it). In view of our determination that the defendant is required to continue defending the trespass case, it has not been necessary to rule on whether the defendant is bound by this authorization. The question now arises whether the defendant is bound by this document to defend the assumpsit suit. We feel that the document relates only to the trespass suit and so gives rise to no rights or duties concerning the assumpsit suit.

Counsel will submit an appropriate form of order.

1. The third-party defendants have not taken a position for or against this motion.

2. Policy No. K–213 4758 has the same exclusion.

3. There are four coverages under the policies: A. Bodily Injury Liability—Automobile; B. Bodily Injury Liability—Except Automobile; C. Property Damage Liability—Automobile; D. Property Damage Liability—Except Automobile. Rumer's claims are for bodily injury. Counsel for both plaintiffs and defendant have apparently assumed that coverage A applies to injuries arising from the *insured's* use of motor vehicles, in which case only coverage B could apply to Rumer. But it would be just as reasonable to conclude that the term "ownership, maintenance or use of any automo-

bile" used in defining coverage A includes the use of a vehicle by any member of the public, e. g., by Rumer. In such a view, both A and B could apply to Rumer's accident. Coverage of the assumpsit suit under A would be barred, however, by exclusion (d) of the policies: "This policy does not apply: * * * (d) under coverages A and C, to liability assumed by the insured under any contract or agreement." And coverage under B is excluded, of course, by exclusion (f).

4. In addition, coverage of the assumpsit suit would be ruled out by the completed operations exclusion. Note that Rumer's assumpsit complaint, as opposed to the city's third-party complaint in the trespass suit, clearly states that the accident happened after the work was completed.